IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISRAEL POLANCO-CANO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BARRY SMITH, ET AL. | : | NO. 21-2153 |

## **ORDER**

**AND NOW**, this 1st day of August, 2022, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and all documents filed in connection with the Petition, and after review of United States Magistrate Judge Marilyn Heffley's Report and Recommendation (Docket No. 20), and consideration of Petitioner's Objections to the Report and Recommendation (Docket No. 21), **IT IS HEREBY ORDERED** that:

1.  Petitioner's Objections are **OVERRULED**.[1]

---

[1] Petitioner Israel Polanco-Cano was convicted of attempted homicide and aggravated assault after a jury trial in the Lancaster County Court of Common Pleas, and he was thereafter sentenced to 16 to 40 years of incarceration. The charges arose out of an incident in which Petitioner stabbed a victim with a knife almost 25 times in a third party's apartment. After failing to get his sentence reduced on direct appeal, Petitioner filed a petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, in which he argued that his trial counsel was ineffective in failing both to request a jury instruction on involuntary intoxication and to argue an involuntary intoxication defense in his closing argument. Following an evidentiary hearing, the PCRA court denied the petition and the Superior Court affirmed. Commonwealth v. Polanco-Cano, No. 1598 MDA 2018, 2019 WL 3231729 (Pa. Super. Ct. 2019).

In its opinion, the Superior Court reasoned that the Pennsylvania courts and legislature have not recognized involuntary intoxication outside of the DUI context, that the evidentiary record did not support Petitioner's contention that he was involuntarily intoxicated, and that his counsel had a reasonable basis for choosing an alternative defense strategy, i.e., that Petitioner acted in self-defense. Id. at *2-4. With regard to the record evidence, the Superior Court specifically noted that Petitioner's involuntary intoxication claim rested entirely on his own trial testimony that he was "unknowingly drugged" and that the drugs made him "crazy and assaultive." Id. at *2 (quotation omitted). The Superior Court concluded that the trial court did not err in finding this self-serving and uncorroborated testimony to be incredible and insufficient to support any involuntary intoxication defense in light of other evidence at trial that contradicted Petitioner's

      2.      The Report and Recommendation of Magistrate Judge Heffley is **APPROVED** and **ADOPTED**.

---

account, namely, the victim's testimony that Petitioner voluntarily smoked crack cocaine and K2, lab evidence that Petitioner had crack cocaine in his system, and evidence that the police found bags of heroin on his person.  Id. at *3.

    In his § 2254 Motion, Petitioner argues that the state court's determinations were contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), or rested on an unreasonable determination of the facts.  Magistrate Judge Heffley recommends in her Report and Recommendation ("R&R") that these claims are meritless because Petitioner's counsel was not ineffective under Strickland, which requires a petitioner to show both that "counsel's representation fell below an objective standard of reasonableness" and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been difference."  466 U.S. at 686-88, 693-94.  Specifically, she recommends that (1) "counsel's failure to request a jury instruction on a defense unrecognized in [Pennsylvania] for the type of case presented and unsupported by the record does not rise to the level required to assert a viable ineffectiveness assistance of counsel claim" (R&R at 9); and (2) counsel acted within the wide range of reasonable professional assistance permitted under Strickland when he chose a legal strategy that took into account "his client's statements [on direct examination that he had stabbed the victim because he feared for his life], the recognized affirmative defenses in Pennsylvania, and the physical and medical evidence of the case" (id. at 10).

    In reviewing the R&R, we "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1).  Here, Petitioner objects to the Magistrate Judge's recommendation that we deny his ineffectiveness claims, arguing that that the involuntary intoxication defense is, in fact, applicable to his attempted homicide charge and that the factual record supported application of that defense. However, "federal habeas corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 68 (1991) (quotation omitted); id. at 67-68 ( "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")  Accordingly, we will not revisit the state court's determination that an involuntarily intoxication defense is not available in connection with attempted murder charges.  With regard to the factual record, we must defer to the state court's factual and credibility determinations and may not find them unreasonable unless the petitioner presents clear and convincing evidence to the contrary.  Arnold v. Superintendent SCI Frackville, 322 F. Supp. 3d 621, 634 (E.D. Pa. 2018) (citing Burt v. Titlow, 571 U.S. 12, 18 (2013); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)).  Here, Petitioner merely reiterates his own testimony that he was involuntarily drugged and points to testimony of a police officer that he was "zombie-like" and "incoherent" at the scene of the crime.  (Pet'r Objs. at 6 (quoting N.T. 11/3/16 at 136-37).)  However, the police officer's testimony does not corroborate Petitioner's testimony because it is entirely consistent with the record evidence, credited by the state court, that Petitioner was voluntarily impaired.   In the absence of any other evidence, we can only conclude that Petitioner has not put forth clear and convincing evidence to overcome the state court's determination that his testimony that he was involuntarily drugged was incredible and that the factual record as a whole did not support his assertion.  For all of these reasons, we overrule Petitioner's Objections, and we approve and adopt the R&R.

3. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

4. As Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.